UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| INDIANAPOLIS FRUIT COMPANY, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 2:12-cv-00336-JMS-MJD |
| | ) | |
| HARTLAND FOODS CORP. d/b/a HARTLAND | ) | |
| SHOPWORTH and STEPHEN HART, | ) | |
| *Defendants.* | ) | |

## ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

Presently before the Court is Plaintiff Indianapolis Fruit Company's ("IFC") Emergency Motion for Temporary Restraining Order. [Dkt. 5.] The Court has considered the Complaint, [dkt. 1], IFC's Memorandum of Law in Support of Requests for Injunctive Relief, [dkt. 6], the affidavits of IFC's representatives, Beth Mouzin, [dkt. 5-1], and James See, [dkt. 5-4], and the Attorney Certificate Why Notice Should Not Be Required Under Rule 65(b), [dkt. 5-5].

The Court **ORDERS** that Defendants, Hartland Foods Corp. d/b/ Hartland Shopworth ("Hartland") and Stephen Hart, **SHOW CAUSE** before this Court on **Tuesday, November 20, 2012, at 9:00 a.m.**, in Courtroom 307, Birch Bayh Federal Building and United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana, why an order should not be issued pursuant to Federal Rule of Civil Procedure 65 enjoining Mr. Hart and Hartland from paying, withdrawing, transferring, assigning or selling any and all existing assets of the trust created by the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t ("PACA Trust") or otherwise disposing of other corporate or personal assets to any creditors, persons or entities, until further order of this Court or until Hartland and Mr. Hart pay IFC the sum of $25,620.53 by certified or cashier's check, at which time this Order is dissolved.

The Court finds that sufficient reason has been shown for the issuance of a temporary restraining order pursuant to Rule 65. Specifically, the Court finds that, based on the pleadings, affidavits, and other submissions, it appears that Hartland and Mr. Hart are dissipating, and continue to dissipate, IFC's beneficial interest in the PACA Trust. This dissipation causes irreparable harm to IFC, because IFC may be deprived of recovering its interest in the PACA Trust. Further, the Court finds that issuance of a temporary restraining order without notice to Hartland and Mr. Hart is appropriate because such notice may afford Hartland and Mr. Hart the opportunity to further dissipate the PACA Trust assets. Therefore, the Court **ORDERS** that, pending the hearing on IFC's Motion for Issuance of a Preliminary Injunction, [dkt. 7], and pursuant to Federal Rule of Civil Procedure 65, Mr. Hart and Hartland are temporarily restrained from paying, withdrawing, transferring, assigning or selling any and all existing assets of the PACA Trust or otherwise disposing of other corporate or personal assets to any creditors, persons or entities, until further order of this Court or until Hartland and Mr. Hart pay IFC the sum of $25,620.53 by certified or cashier's check, at which time this Order is dissolved.

It is further **ORDERED** that, pursuant to Rule 65(c), IFC shall post a *de minimus* bond of $100.00.

Given that the hearing on IFC's Motion for Issuance of a Preliminary Injunction is being scheduled on an expedited basis, the Court **DENIES** IFC's request, made in that motion, to consolidate the trial on the merits with the hearing on IFC's request for a preliminary injunction, [dkt. 7 at 3].

Finally, the Court **ORDERS** IFC to serve a copy of this Order by overnight mail upon Hartland and Mr. Hart on or before November 15, 2012, at 6:00 p.m.

11/14/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

David A. Adelman
ADELMAN LAW OFFICES, PC
adelman@pacaenforcer.com

Jason R. Burke
HOPPER & BLACKWELL
jburke@hopperblackwell.com